UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORMER SHAREHOLDERS OF CARDIOSPECTRA, INC.<br><br>Plaintiffs,<br><br>v.<br><br>VOLCANO CORPORATION, et al.,<br><br>Defendants. | Case No. 12-cv-01535-WHO<br><br>**ORDER REGARDING PARTIES' DISCOVERY DISPUTE AT DOCKET NUMBER 52**<br><br>Re: Dkt. No. 52 |

## INTRODUCTION

Defendant Volcano Corporation asks the Court to order plaintiffs Former Shareholders of Cardiospectra, Inc. to provide full and complete responses to various contention interrogatories and to pay Volcano's attorneys' fees and costs under Rule 37(a)(5). Volcano also requests the opportunity to present a motion for sanctions concerning the plaintiffs' alleged abuse of discovery. The Court ORDERS the plaintiffs to supplement their responses to interrogatories 4 through 12 and 14, but DENIES Volcano's request for attorneys' fees and costs. Any motion for sanctions regarding this dispute would likewise be DENIED, at least on the record before the Court.

## BACKGROUND

Per the parties' joint case management statement, CardioSpectra was a Texas-based startup company that developed endovascular imaging technology called Optical Coherence Tomography ("OCT"). Dkt. No. 47 at 2. OCT produces high-resolution images of portions of coronary arteries. Volcano is a publicly-traded company that sells endovascular imaging products. In December of 2007, Volcano entered into an Agreement and Plan of Merger ("Agreement") through which it acquired CardioSpectra in return for cash consideration. The Agreement also calls for additional consideration triggered by the achievement of four defined Milestones. The plaintiffs contend that Volcano achieved Milestones 3 and 4, but failed to pay the contractually-required consideration. The plaintiffs also contend that Volcano failed to "act in good faith and use commercially reasonable efforts" to achieve Milestone 2. The plaintiffs allege in the

1  alternative that Volcano's failure to "act in good faith and use commercially reasonable efforts"
2  made Milestones 2, 3, and 4 unattainable.
3      In the discovery dispute before the Court, Volcano argues that the plaintiffs' responses to
4  various contention interrogatories are deficient because the responses are not complete in
5  themselves, but "incorporate" the complaint, previous discovery responses, and/or unspecified
6  deposition testimony. The plaintiffs respond that they have already provided Volcano with all the
7  information it seeks in response to Volcano's earlier interrogatories, which echo the
8  interrogatories at issue now. The plaintiffs also note that it would be burdensome for them to
9  review the many depositions and thousands of documents produced in this action in order to recite
10 every fact that supports their contentions.

## DISCUSSION

12     Generally speaking, contention interrogatories ask the receiving party to state the factual
13 bases for its allegations. The purpose of contention interrogatories "is not to obtain facts, but
14 rather to narrow the issues that will be addressed at trial and to enable the propounding party to
15 determine the proof required to rebut the respondent's position." *Lexington Ins. Co. v.*
16 *Commonwealth Ins. Co.*, C98-3477CRB (JCS), 1999 WL 33292943, *7 (N.D. Cal. Sept. 17,
17 1999). Federal Rule of Civil Procedure 33 states that "[a]n interrogatory is not objectionable
18 merely because it asks for an opinion or contention that relates to fact or the application of law to
19 fact, but the court may order that the interrogatory need not be answered until designated
20 discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2).
21     In line with Rule 33, courts are reluctant to allow contention interrogatories when the
22 responding party has not yet obtained enough information through discovery to respond, but
23 courts recognize that contention interrogatories served after substantial discovery is complete may
24 be appropriate. *See, e.g., Tennison v. City & Cnty. of San Francisco*, 226 F.R.D. 615, 618 (N.D.
25 Cal. 2005) (granting motion to compel responses to contention interrogatories where "discovery is
26 nearly complete, and hence Plaintiff is in a position to provide meaningful answers"); *Lexington*
27 *Ins. Co. v. Commonwealth Ins. Co.*, 98-cv-3477CRB (JCS), 1999 WL 33292943 (N.D. Cal. Sept.
28 17, 1999) ("courts have also recognized that properly timed contention interrogatories may in

certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded") (quotation omitted).

While contention interrogatories are permitted, they "are often overly broad and unduly burdensome when they require a party to state 'every fact' or 'all facts' supporting identified allegations or defenses." *Haggarty v. Wells Fargo Bank, N.A.*, 10-2416 CRB JSC, 2012 WL 4113341, *2 (N.D. Cal. Sept. 18, 2012) (quoting *Manciniv. Insurance Corp. of New York,* 2009 WL 1765295 *3 (S.D. Cal. June 18, 2009). Accordingly, one judge in this Court has noted that "a requirement to state 'all facts' does not require a listing of trivial or non-material matters." *Kim v. City of Santa Clara,* 09-cv-0025 RS, 2009 WL 4021389 *3 (N.D. Cal. Nov.19, 2009). Similarly, a judge in the Central District of California converted interrogatories seeking "all facts" into requests for "the material or principal facts." *Mancini v. Insurance Corp. of New York*, 2009 WL 1765295 (S.D. Cal. June 18, 2009).

The contention interrogatories at issue here ask the plaintiffs to "state all facts" upon which they base various contentions in their complaint. *See* Dkt. No. 52-2, Interrogatories Nos. 4-12, 14. The plaintiffs do not argue that the contention interrogatories are premature; they argue that (i) Volcano already has the information it seeks because it was previously provided to Volcano in response to earlier discovery requests and (ii) it would prohibitively burdensome for them to recite every single fact from thousands of documents and dozens of depositions that support their contentions. The plaintiffs' responses to these interrogatories refer to their earlier interrogatory responses and/or to the deposition testimony of various witnesses, without specifying portions of the testimony.

The Court acknowledges that listing every single fact in support of their contentions would be unduly burdensome on the plaintiffs. But Volcano is entitled to know the *material* facts in support of the plaintiffs' contentions. That Volcano may already know the facts is beside the point as the object of contention interrogatories is "to learn what the opposing party will argue at trial, rather than to obtain facts." *Lexington Ins. Co.*, 1999 WL 33292943, *8. Nor is it sufficient to refer to other discovery responses, pleadings or unspecified deposition transcripts. As the Court recently explained,

> An answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.

*Logtale, Ltd. v. IKOR, Inc.*, 11-cv-05452 CW (DMR), 2013 WL 3967750, *3 (N.D. Cal. July 31, 2013) (quoting *Scaife v. Boenne,* 191 F.R.D. 590, 594 (N.D. Ind.2000)). The wholesale reference to deposition testimony is likewise improper as it forces Volcano to "scour" the deposition transcripts to determine whether the responses are complete and identify the responsive portions. *See, e.g., Landon v. Ernst & Young LLP*, C08-02853 JF (HRL), 2009 WL 4723708, *3 (N.D. Cal. Dec. 2, 2009) (granting motion to compel). Each response must be complete in itself. This does not mean, however, that the plaintiffs' responses may not overlap with their prior responses, to the extent substantively appropriate and so long as each response is in fact responsive to its corresponding interrogatory.

*In re Convergent Technologies Sec. Litig.*, cited by the plaintiffs, is not germane to this dispute as it relates to contention interrogatories "that are served *before* substantial discovery has been completed through other means," which is not the case here. 108 F.R.D. 328, 332 (N.D. Cal. 1985) (emphasis in original).

Consistent with the guidance above, the Court GRANTS Volcano's motion to compel. Within 30 days of this Order, the plaintiffs shall serve defendant with supplemental responses to Interrogatories Nos. 8-12 and 14 stating the material facts in support of their contentions. The Court DENIES Volcano's request for attorneys' fees and costs under Rule 37(a)(5). A motion for sanctions regarding this dispute would likewise be DENIED.

**IT IS SO ORDERED**.

Dated: October 4, 2013

WILLIAM H. ORRICK
United States District Judge