UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER E BANAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VOLCANO CORPORATION, et al., <br><br> Defendants. | Case No. 12-cv-01535-WHO <br><br> **TENTATIVE RULING REGARDING DISPUTE OVER PLAINTIFFS' SECOND REQUEST FOR PRODUCTION** <br><br> Re: Dkt. No. 51 |

## INTRODUCTION

On October 1, 2013, the Court held a telephonic hearing regarding the parties' dispute over defendant Volcano Corporation's Responses and Objections to Plaintiffs' Second Request for Production of documents. Dkt. No. 51. During the hearing, the parties described their differing perspectives regarding the conduct of discovery under the tight timeframes dictated by the Court's case management schedule. Given this Court's recent involvement in this case, the page limitation required by the Court's Standing Order with respect to discovery disputes, and the disagreement between counsel on some of the basic facts that underlie this dispute, the Court is confident that it could learn more that is germane to this dispute. However, because the applicable law seems plain, the Court is issuing this tentative ruling. If the Court misunderstands the material facts, as outlined below, either party may file an objection to the tentative ruling within 7 days of this Order by a letter of no more than three pages. No further briefing will be allowed.

## BACKGROUND

During the telephonic hearing, the Court learned that:

1. In order to address the massive discovery required in this case, defendant decided to

    identify the relevant documents by "triangulating" the defendant's employees. Rather than search every employee's emails, defendant selected a subset of employees who would likely have received documents from, or sent them to, other employees who might have had involvement in this matter, so that the result would "most likely" capture all the relevant documents. In discovery, defendant produced more than 225,000 documents. That said, there was no agreement or even discussion between the parties about defendant's triangulation approach before the documents were produced.

2. Because of the volume of discovery in this case, documents were produced on a rolling basis. The last group of documents was produced shortly before the close of fact discovery.

3. Plaintiffs took the depositions of some 18 current or former employees of defendant. At least some of those witnesses were not within the subset of employees whose emails were searched directly by defendant.

4. Plaintiff Banas had a hard drive that contained various documents he received while employed by defendant. Plaintiffs compared the documents on Banas's hard drive with the documents produced by defendant regarding one employee they deposed, John Sheridan, and found that defendant had produced a small fraction of the documents held by Mr. Banas involving Mr. Sheridan. The parties dispute the importance of Mr. Sheridan in this litigation.

## LEGAL STANDARD

The Federal Rules of Civil Procedure obligate a party to produce "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(2)(A). This obligation extends to electronically stored information unless the party can show that the information is "not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B); *see also* Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)").

## DISCUSSION

In the age of electronically-stored information ("ESI"), production of all relevant, not

privileged and reasonably accessible documents in a company's custody and control is easier said than done. This discovery can be extremely expensive and burdensome, and it clearly has been here. To help parties address the type of problems commonly encountered with respect to ESI, the Court has published a Model Stipulated Order Regarding Discovery of Electronically Stored Information.[1] The Model Order is not a required, but it is instructive. It includes an obligation that the parties meet and confer about methods to search ESI before responding to a FRCP 34 request. *Id*. ¶ 5.

Defendant's "triangulation" approach to discovery might have been a reasonable way to gather the relevant documents in this case. The Court is left with the impression from the hearing, however, that this approach was not discussed in advance with plaintiffs, let alone agreed to. Plaintiffs assert that they were not aware that defendant had not searched the files of the witnesses that they deposed. Given the rolling nature of the production, it would not have become obvious to plaintiffs until all the documents were produced that there were apparent gaps in the production.

In light of the discrepancy between the documents produced by defendant and those contained in plaintiff Banas's hard drive, plaintiffs now request that defendant search the electronic files of the witnesses whom plaintiffs deposed to ensure that the production is complete. This seems reasonable. Unless there was an agreement concerning the "triangulation" approach, defendant is ordered to perform this supplementary search and to produce any non-duplicative items. Given the lack of agreement to the manner and method by which the original search was conducted, this production will ensure that defendant has met its obligations under the Federal Rules of Civil Procedure.

Plaintiffs initially requested a complete set of employee review and self-appraisal documents, and termination documents, but have now limited their request to only those portions that relate to defendant's OCT program or to an employee's efforts on Milestones. Again, these appear relevant, at least for purposes of discovery. The limitation should avoid any privacy concern. The documents should be produced.

---

[1] http://www.cand.uscourts.gov/filelibrary/1119/Model%20Stip%20E-discovery%20Order.docx

Plaintiffs assert that defendant improperly limited its response to Request No. 18 by time, that it did not search for documents with the term "milestone" in them, and that relevant Board of Directors documents after December 31, 2010 were not produced. Defendant responded, in essence, that all such documents have been produced. There is no need to produce documents twice. If defendant provides a supplementary verification that the requested documents were produced in response to other requests, it need not conduct a further search on those matters.

Based on the information provided to date, the Court does not find that defendant's production technique was unreasonable or that it was designed to conceal any responsive document from plaintiffs. Nor does the Court find that plaintiffs waited too long to raise the issues addressed above. It does find, however, that the supplementary discovery, consistent with this Order, is appropriate under the circumstances.

Finally, it appears that the parties have not finished meeting and conferring regarding the privilege logs recently provided to plaintiffs. If there is a dispute after the completion of the meet and confer process, the parties should send a joint 5 page letter to the Court describing the basis of the dispute.

## CONCLUSION

Defendant shall provide the documents and/or verification described above within 30 days of the date this Tentative Ruling is final, which shall be in seven days from the date of this Order unless an objection is filed with the Court as outlined in the first paragraph of the Order.

**IT IS SO ORDERED**.

Dated: October 4, 2013

WILLIAM H. ORRICK
United States District Judge