STANLEY LAW GROUP
MATTHEW J. ZEVIN, SBN: 170736
225 Broadway, Suite 1350
San Diego, CA 92101
Telephone: (619) 235-5306
Facsimile: (815) 377-8419
e-mail: mzevin@aol.com

Attorneys for Plaintiffs, Former Shareholders of CardioSpectra, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| FORMER SHAREHOLDERS OF CARDIOSPECTRA, INC.<br><br>Plaintiffs,<br><br>v.<br><br>VOLCANO CORPORATION, a Delaware corporation; and DOES 1-10,<br><br>Defendant. | CASE NO. CV12-01535WHO<br><br>**DECLARATION OF SCOTT A. KITNER IN SUPPORT OF PLAINTIFFS *EX PARTE* MOTION FOR SANCTIONS UNDER FED. R. CIV. P 37(b) AND RULE 56(D)**<br><br>DATE: March 19, 2014<br>TIME: 2:00 p.m.<br>JUDGE: Honorable William H. Orrick<br>CTRM: 2 |

**CORRECTED REDACTED VERSION OF DOCUMENTS FILED UNDER SEAL PURSUANT TO COURT ORDER DATED MARCH 31, 2014 [DKT. NO. 96]**

I, SCOTT A. KITNER, declare as follows:

1. This Declaration is made in support of the accompanying Motion for Sanctions under Fed. R. Civ. P. 37(b) and Rule 56(d).

2. I am an attorney-at-law duly licensed to practice in the State of Texas and have been admitted to appear *pro hac vice* before this Court in this case. I am with Stanley Law Group and co-counsel of record for Plaintiffs, Former Shareholders of CardioSpectra, Inc. I have personal knowledge of the matters stated herein and, if called as a witness, I could and would competently testify to the following:

3. On October 18, 2013, the Court ordered Volcano to search and produce all responsive, non-duplicative material from Volcano's electronic archive and certain hard drives for current and former employees, including Volcano clinical employee Daniel Redline and CFO John Dahldorf.

4. On November 27, 2013, Volcano's counsel represented that it had "complied with the Court's October 18, 2013 order." Based on this representation, Plaintiffs believed that Volcano had produced all responsive, non-duplicative material from Mr. Redline and Mr. Dahldorf.

5. On February 25, 2014, Volcano's counsel contacted me requesting that Plaintiffs agree to a proposed confidentiality stipulation related to four exhibits that Volcano wanted to include in its Reply in Support of its Motion for Summary Judgment.

6. I responded that without seeing the specific documents, I could not confirm whether the documents were actually confidential. Defendant's counsel then provided copies of the proposed exhibits, including Exhibits OO and TT. [redacted]

7. Upon review, I determined that Exhibits OO and TT had not been produced to Plaintiffs. Volcano's counsel confirmed this.

8. Plaintiffs' co-counsel, Martin Woodward, then asked Volcano's counsel why these documents had not been produced. Volcano's counsel responded that the documents were

not responsive to Plaintiffs' document requests and were being used to rebut and contradict an argument made "nowhere" but Plaintiffs' Opposition [Doc. 73]. Volcano's counsel did not identify this argument.

9. Mr. Woodward then asked if there were other documents that had not been produced. Volcano's counsel answered only that Volcano had "complied with our discovery obligations and are entitled to use this rebuttal evidence."

10. In light of this refusal to answer whether other responsive documents had been withheld, I became very concerned that Volcano had withheld responsive material. As a result, I reviewed thousands of documents that Volcano produced in discovery and all of Volcano's deposition testimony, including the deposition of Mr. Redline taken August 29, 2013.

11. At his deposition, Mr. Redline testified that he kept his Volcano-issued laptop and hard drive after he left Volcano, and that the hard drive had not been damaged or erased. Mr. Redline testified further that his hard drive contained emails, notes, PowerPoints, meeting notes, including from R&D meetings, project team meetings, regulatory meetings and clinical meetings for all the projects in which Mr. Redline had been involved – including OCT, VIBE, FLIVUS, VALET, and FM. Thus, Exhibits OO and TT – [redacted] – are almost certain to have been on Mr. Redline's hard drive or in his emails because he helped with the VIBE regulatory submission and strategy.

12. Accordingly, Exhibits OO and TT and other material from Mr. Redline – [redacted] material – should have been produced in response to at least five of Plaintiffs' Document Requests: 5, 9, 10, 18 and 19. These requests seek material relevant to, among other things, whether Volcano used Commercially Reasonable Efforts and good faith to timely and diligently secure regulatory approval.

13. Volcano now seeks summary judgment on Milestone 2 (whether Volcano acted appropriately in seeking regulatory approval) and argues, in essence, that summary judgment must be decided in its favor because there is "no evidence" of how Volcano "normally" seeks regulatory approval for similar projects to OCT (as judged by market potential and stage of development). As Volcano's other technologies include [redacted]

Volcano would argue that OCT must compared to at least one of these technologies. Yet, based on Volcano's recent inclusion of Exhibits OO and TT – documents that directly concern [redacted] – it appears that Volcano is withholding the very "evidence" for which it claims there is "no evidence."

14. Thus, based on the discrepancy between what Volcano produced and what Mr. Redline testified was on his hard drive, it is now apparent that Volcano did not produce all responsive [redacted] material, despite its assurance that it had complied with the Court's order.

15. In addition, based on Volcano's recent conduct, Plaintiffs now reasonably believe that Volcano withheld responsive material from the hard drive or emails of Volcano CFO John Dahldorf, who presumably would have information concerning market potential of Volcano's various technologies as well as information relevant to the Commercial Sales and Cumulative Cash Sales of Axsun's laser light sources. Volcano seeks summary judgment because it alleges there is "no evidence" of market potential, Commercial Sales, and Cumulative Cash Sales, although this material should have been produced in response to at least eight of Plaintiffs' Document Requests: 5, 6, 7, 8, 9, 11, 18 and 19.

16. In addition, based on Volcano's recent conduct, Plaintiffs now reasonably believe that Volcano withheld responsive material from the hard drive of Volcano Executive Vice-President Vincent Burgess. Mr. Burgess's hard drive would have been retained as part of an ongoing litigation hold for a case that predates this litigation. Volcano also would have presumably retained Mr. Burgess's hard drive due to the circumstances surrounding his departure. Yet, Volcano claims not to have the hard drive, which would contain responsive material, including market potential, regulatory strategy, clinical strategy, R&D strategy, and extrinsic evidence related to contract negotiations and terms. Volcano seeks summary judgment because it alleges there is (1) "no evidence" of market potential, regulatory strategy, technical development and (2) no admissible extrinsic evidence related to contract interpretation, although this information should have been produced in response to at least twelve of Plaintiffs' Document Requests: 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 18 and 19.

17. The withheld material from Mr. Redline and Mr. Dahldorf do not appear on Defendant's Privilege Log.

18. Attached hereto as Exhibit 1 is a true and correct copy of Defendant Volcano Corporation's Objections and Responses to Plaintiffs' First Request for Production of Documents.

19. Attached hereto as Exhibit 2 is a true and correct copy of the Final Order Regarding Dispute Over Plaintiffs' Second Request for Production [Doc. 59].

20. Attached hereto as Exhibit 3 is a true and correct copy of relevant excerpts of the deposition of Daniel Redline taken August 29, 2013.

21. Attached hereto as Exhibit 4 is a true and correct copy of the Tentative Ruling Regarding Dispute Over Plaintiffs' Second Request for Production [Doc 56].

22. Attached hereto as Exhibit 5 is a true and correct copy of relevant excerpts of the deposition of Vincent J. Burgess taken July 25, 2013.

23. Attached hereto as Exhibit 6 is a true and correct copy of Exhibits OO and TT filed by Volcano in support of its Reply to its Motion for Summary Judgment [Doc. 76].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this 13th day of March, 2014 at Dallas, Texas.

*/s/ Scott A. Kitner*
SCOTT A. KITNER